IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANTIONETTE P. LYLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-00847 (RDA/IDD) |
| | ) |
| CADEN L. SCHAIBLE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before this Court on Defendant Deion Thomas Andrew Rhodes' Motion to Dismiss for failure to state a claim (Dkt. 7); Defendant Caden L. Schaible's Motion to Dismiss for lack of jurisdiction and for failure to state a claim (Dkt. 18); and Defendant Schaible's Motion to Sever (Dkt. 22). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering Defendant Rhodes' supporting memorandum in favor of dismissal (Dkt. 8), Antionette P. Lyles' ("Plaintiff'") opposition (Dkt. 10), Defendant Schaible's supporting memoranda in favor of severing and dismissing the matter (Dkt. Nos. 19; 23), Plaintiff's oppositions (Dkt. Nos. 27; 29), and Defendant Schaible's replies (Dkt. Nos. 30; 31), this Court GRANTS Defendant Schaible's Motion to Sever (Dkt. 22); DENIES Defendant Rhode's Motion to Dismiss as MOOT (Dkt. 7); and DENIES Defendant Schaible's Motion to Dismiss (Dkt. 22) for the reasons that follow.

I.  BACKGROUND

A.  Factual Background[1]

This matter arises from the Complaint Plaintiff filed before this Court alleging negligence and negligence per se claims against each of the three defendants for compensatory damages in excess of $500,000.00 and punitive damages.  Plaintiff is a 29 year old female who resides in Prince George's County, Maryland.  Defendant Schaible is a resident of Loudoun County, Virginia and Defendants Rhodes and Bracket reside in Prince George's County, Maryland.  Plaintiff seeks to join Defendants Rhodes and Bracket by way of pendent jurisdiction.

In the early afternoon of August 14, 2020, Plaintiff was driving a 2012 GMC Terrain southbound on I-95 in Stafford County, Virginia.  Also travelling in the same direction, Defendant Schaible allegedly crashed into the rear of Plaintiff's vehicle as a result of "cho[osing] to follow [Plaintiff's] vehicle too closely, and not hav[ing] regard for the speed of his vehicle relative to [Plaintiff] in violation of Virginia Code § 46.2-816."  Dkt. 1 ¶¶ 12, 14-15.  Plaintiff alleges that Defendant breached his duty "to observe all traffic safety rules in effect."  *Id.* ¶¶ 22, 29.  And as a result of Defendant Schaible's alleged negligent driving, Plaintiff avers that she "endured and continues to endure severe, permanent, and uncompensated damages . . . including immobility and diminished capacity to perform her activities of daily living and enjoy her daily life."  *Id.* ¶ 76.

One week later, in the evening of August 21, 2020, Plaintiff, this time driving a 2020 Honda Accord, stopped at a red light on Piscataway Road in Prince George's County, Maryland.  Defendant Rhodes had also stopped at the red light directly behind Plaintiff.  Some distance behind Plaintiff and Defendant Rhodes was Defendant Bracket, who allegedly was operating his vehicle

---

[1] For purposes of considering the Motions, the Court accepts all facts contained within the Amended Complaint as true, as it must at the motion-to-dismiss stage.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

under the influence of alcohol in violation of Maryland Code of Transportation § 21–902. Defendant Bracket crashed into the rear of Defendant Rhodes' vehicle. *Id.* ¶ 68. The impact allegedly caused Defendant Rhodes' vehicle to hit Plaintiff. As a result of the accident, Plaintiff alleges that Defendant Bracket was negligent in driving drunk and Defendant Rhodes' "failure to give proper space" to Plaintiff's vehicle while stopped also constituted negligence. Plaintiff alleges that the negligence of Defendants Bracket and Rhodes "exacerbated" the injuries she suffered from the collision with Defendant Schaible one week prior.

### B. Procedural Background

On July 20, 2021, Plaintiff filed the instant Complaint against multiple defendants in this Court. And on August 18, 2021, Defendant Rhodes filed a motion to dismiss for failure to state a claim and a supporting brief to dismiss the counts of negligence against Defendant Rhodes. Dkt. Nos. 1; 7; 8. On August 31, 2021, Plaintiff filed her Opposition. Dkt. 10. Defendant Rhodes did not file a reply brief. On September 14, 2021, Defendant Bracket filed an Answer to the Complaint. Dkt. 14. Defendant Schaible then filed a motion to dismiss and a motion to sever the claims against Defendant Schaible from the claims against Defendants Rhodes and Bracket on September 23, 2021. Dkt. Nos. 18; 22. Plaintiff filed her oppositions to both of Defendant Schaible's motions on October 7, 2021. Dkt. Nos. 27; 29. Defendant Schaible filed his replies in support of his motions on October 13, 2021. Dkt Nos. 30; 31.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction over a defendant. Defendants can challenge subject matter jurisdiction through a facial challenge to the complaint or a factual challenge to the allegations

3

therein. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). A facial challenge argues that the complaint fails to allege facts sufficient to support a finding that a court has subject matter jurisdiction. *Id.* Thus, if the Rule 12(b)(1) motion is a facial challenge, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). That is, the factual allegations of the complaint are treated as true. *Id.* In contrast, a factual challenge argues that the "jurisdictional allegations of the complaint" are not true. *Id.* (quoting *Adams*, 697 F.2d at 1219). Accordingly, in a factual challenge, there is no presumption that the facts in the complaint are true. *Id.* A party moving for dismissal for lack of subject matter jurisdiction should prevail only if material jurisdictional facts are not in dispute and the moving party is entitled to prevail as matter of law. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## B. Rule 12(b)(6)

In order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Twombly*, 550 at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*,

4

562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

### III.  ANALYSIS

This Court construes the Motion as a facial challenge to the Complaint and therefore accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. For purposes of clarity in its analysis, this Court begins by addressing Defendant Schaible's Motion to Sever and then proceeds to assess the motions to dismiss.

#### A.  Defendant Schaible's Motion to Sever

Defendant Schaible seeks to sever Plaintiff's claim against him from Plaintiff's claims against Defendants Rhodes and Bracket on the grounds that Plaintiff's claim against the latter defendants does not arise from the same transaction or occurrence. To support that proposition, Defendant Schaible notes that because his accident with Plaintiff occurred in Virginia, the substantive tort law governing that incident differs from the Maryland law that governs the accident involving Defendants Rhodes and Bracket. Furthermore, Defendant Schaible maintains that the two accidents occurred one week apart, involved different parties, different vehicles, and other different factual circumstances.

Plaintiff argues that because the second accident exacerbated the injuries Plaintiff allegedly sustained in the first, the two incidents should be heard in tandem before this Court. Both collisions, Plaintiff submits, amount to the same "series of transactions and occurrences" and involve the same general negligence question of law and fact. Dkt. 29 at 3. In support of her

position, Plaintiff raises the principles of trial convenience and consistent judicial verdicts while also guarding against the increased costs of having to call the same damages witnesses to two separate trials involving the same injuries.

The issue of permissive joinder in this Court is governed by Federal Rule of Civil Procedure 20(a)(2), which requires that a plaintiff may join multiple defendants in one action if and only if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In assessing permissive joinder, "[t]he impulse is toward the broadest possible scope of action consistent with fairness to the parties" with the view that "joinder of claims, parties and remedies is strongly encouraged." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Additionally, the Fourth Circuit adds that "Rule 20 grants courts wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs. Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007).

Under Federal Rule of Civil Procedure 21, a district court may also exercise broad discretion in making a severance determination based on whether the defendants may be considered part of the same "transaction, occurrence or series of transactions or occurrences." *See Saval v. BL, Ltd.*, 710 F.2d 1027, 1031-32 (4th Cir. 1983). Courts consider the "reasonable relatedness" of the events that have called defendants into court. *Gregory v. FedEx Ground Package Sys.*, No. 2:10-cv-630, 2012 WL 2396873, at *11 (E.D. Va. 2012). Ultimately, a trial court may remove parties from a case to preserve diversity between the remaining parties. *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 691 (4th Cir. 1978) ("There is, of course, sound authority for the view that non-diverse parties whose presence is not essential under Rule

6

19 may be dropped to achieve diversity between the plaintiffs and the defendants . . . ."). If any defendant's presence causes a failure to meet Rule 20's requirements, the defendant is deemed improperly joined, and the court "on motion or on its own . . . may at any time, on just terms . . . drop a party." Fed. R. Civ. P. 21; *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time . . . .").

Courts generally may sever misjoined parties if the severance does not prejudice the substantial rights of a plaintiff. *See, e.g.*, *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). In order to weigh the propriety of severance, courts may consider, among other factors:

> (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted and (4) whether the party requesting the severance will be prejudiced if it is not granted.

*German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995).

Here, Defendants Rhodes and Bracket are before this Court solely as a result of Defendant Schaible having diversity jurisdiction. To simplify, the general questions involving permissive joinder before this Court are two-fold: (1) whether the incident involving Defendants Rhodes and Bracket is part of the same transaction or occurrence or series of transactions or occurrences as the incident involving Defendant Schaible and (2) whether severing Defendants Rhodes and Bracket would substantially and unfairly prejudice Plaintiff.

This Court first finds that the crash on August 14, 2020, although involving injuries that Plaintiff then allegedly exacerbated in the August 21, 2020 crash, does not bear a sufficiently reasonable relationship to the August 21, 2020 crash in order to classify the two crashes as part of the same transaction or occurrence. The facts and circumstances in the first crash are substantially

7

different from those in the second. *Gregory*, 2012 WL 2396873, at *11 ("[C]ourts are reluctant to find reasonable relatedness where plaintiffs allege similar harms committed by different actors, at different times, and in different places."). While the general claims against each Defendant are for negligence, they arise under different state laws. Moreover, the nature of the crashes make these two incidents distinctly unique in their own rights and require a factfinder to weigh distinct details in assigning potential liability. And to state the obvious, a car crash occurring one week prior to another involving entirely separate vehicles in one state, including the vehicle Plaintiff was driving, has no impact on the alleged behavior of Defendants in another state involving no overlapping individuals other than the Plaintiff in the latter crash. If this Court adopted Plaintiff's position that a mere week separating the two incidents is sufficient to make the two incidents part of the same occurrence or series of occurrences, at what point does this Court draw the line?

Instead, this Court considers the "independent nature" of the causes of action in each case and asks whether these crashes are "inextricably intertwine[d]." *See Sanders v. Domingo*, No. 3:21-cv-2415, 2022 WL 110243, at *5 (D.S.C. Jan. 11, 2022). One crash involved a drunk driver; the other did not. One crash involved an intermediate collision; the other did not. One crash occurred while Plaintiff was driving on a highway; in the other, Plaintiff had come to a complete stop. One crash occurred in broad daylight; the other at night. One crash involves a claim for punitive damages; the other does not. Given that the two accidents are "wholly distinct in character" from one another, it may very well impede a jury's ability to weigh the liability of each party fairly. *See, e.g.*, *Pollock v. Goodwin*, No. 3:07-3983-CMC, 2008 WL 216381, at *3 (D.S.C. Jan. 23, 2008) (finding misjoinder because accidents were deemed "wholly distinct in character"); *see also Ortiz v. A.N.P., Inc.*, No. 10-cv-917, 2010 WL 3702595, at *6 (S.D. Tex. Sept. 15, 2010) (concluding that a tort claim to be severed did not arise out of the same transaction or occurrence

8

for the same reason). Permitting joinder in this case would provide a predicate for similarly situated plaintiffs to stretch their injuries across time and space and aggregate defendants who have no reasonable relation to one another into the same line of potential liability. Promoting the interests of judicial economy does not always presuppose that one trial is better than two. For if one trial may demand more time and resources due to the flurry of differing facts and circumstances, it may invite unnecessary complexities and unwelcome legal costs.

Accordingly, this Court exercises its discretion under Federal Rule of Civil Procedure 21 to sever Defendants Rhodes and Bracket from the instant action without prejudice and thus makes no determination as to the merits of Plaintiff's action against either of those defendants.

### B. Defendant Rhodes' Motion to Dismiss

Because this Court has found that Defendant Rhodes is not a proper party to this proceeding, Defendant Rhodes' Motion to Dismiss is rendered moot before this Court.

### C. Defendant Schaible's Motion to Dismiss

In the event the Court granted Defendant Schaible's Motion to Sever, as it has here, Defendant Schaible first seeks to dismiss Plaintiff's claims for lack of jurisdiction pursuant to Rule 12(b)(1). Because the amount in controversy may not be aggregated to exceed the $75,000 requirement, Defendant Schaible argues that Plaintiff has not clearly pleaded the amount in controversy as applied solely to Defendant Schaible. Further, Defendant Schaible submits that Plaintiff's Count II alleging negligence per se cannot live on its own as it is merely part of proving the second element of Count I, making it a duplicative count meriting dismissal.

Plaintiff asserts that Defendant Schaible has failed to meet his heavy burden of showing that the amount in controversy does not exceed the $75,000 threshold solely as to Defendant Schaible. Rather, Plaintiff contends that she has provided a good faith basis for the Court to find

that the amount in controversy requirement has been met and that diversity jurisdiction exists over this matter, particularly because much of Plaintiff's "physical and emotional injuries" are "unliquidated." Dkt. 27 at 5.

"A defendant may move to dismiss an action under Rule 12(b)(1) for want of subject matter jurisdiction on the ground that the amount in controversy falls below the requisite $75,000 for diversity of citizenship jurisdiction." *JHT Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). "If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). But the amount in controversy requirement applies separately to each individual defendant. *Glover v. Johns-Manville Corp.*, 662 F.2d 225, 231 (4th Cir. 1981) (determining that a plaintiff's claims against each defendant are considered "separate and distinct for purposes of determining the amount in controversy").

Drawing all reasonable inferences from the allegations of the Complaint in Plaintiff's favor, this Court finds that Plaintiff has met the amount in controversy requirement and therefore this Court may exercise diversity of citizenship jurisdiction over Defendant Schaible. Because Plaintiff alleges she suffered no "new" injuries in the second accident, it is well within reason for this Court to surmise that the minimum $500,000 sought by Plaintiff "represents Plaintiff's perception of [her] total losses and the amount [she] seeks to recover from *either* [set of] Defendant[s]." *Sanders*, 2022 WL 110243, at *5. "Thus, any claim of damages against [Defendant Schaible] will likely be at issue in Plaintiff's case against [Defendants Rhodes and Bracket] as well." *Id.*

As to Count II of Plaintiff's Complaint, "[t]he doctrine of negligence per se does not create a cause of action where one did not exist at common law." *A.H. v. Church of God of Christ*, 297 Va. 604, 630-31 (2019). Negligence per se "does not create a duty of care, but merely sets a standard of care by which the defendant may be judged in the common-law action." *Parker v. Carillion Clinic*, 296 Va. 319, 345 (2018). The utility of the doctrine is to assist plaintiffs in establishing that a breach of a duty has occurred by way of a statutory standard rather than the default "ordinary prudent person" standard applied to negligence claims. *Id.* at 346-47. While negligence per se may establish a general negligence claim, it does not create a cause of action distinct from a claim of common law negligence. *See Brown v. Cox*, No. 2:11-cv-184, 2011 WL 3269680, at *8 (E.D. Va. July 27, 2011).

Importantly, Plaintiff does not dispute the view that a negligence per se claim fails to create a cause of action where one did not exist at common law. Dkt. 27 at 8. Because Plaintiff has properly pleaded a common law negligence action against Defendant Schaible arising from the same cause of action as the negligence per se claim, this Court sees no reason to dismiss the negligence per se claim. Virginia law does not preclude Plaintiff from bringing a negligence per se theory of relief in conjunction with a common law negligence action. *See Church of God in Christ, Inc.*, 297 Va. at 631 (holding that "without a common-law antecedent to the duty" alleged by a plaintiff, a separate negligence per se claim "cannot survive demurrer"); *see also Baker v. NRA Grp., LLC*, No. 3:19-cv-00048, 2020 WL 1258764, at *3 (W.D. Va. Mar. 16, 2020) (denying a negligence per se claim at the motion to dismiss stage because the plaintiff had not pleaded a "common law antecedent"). In this case, by pleading a negligence per se claim, Plaintiff is effectively providing an additional, rather than duplicative, basis for establishing that Defendant Schaible has breached his duty of care to Plaintiff.

Accordingly, this Court dismisses Defendant Schaible's motion to dismiss pursuant to both Rule 12(b)(1) and Rule 12(b)(6).

## IV. CONCLUSION

For the reasons articulated in this opinion, it is hereby ORDERED that Defendant Schaible's Motion to Sever (Dkt. 22) is GRANTED. Accordingly, Defendants Rhodes and Bracket are hereby DISMISSED from this action WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Defendant Rhode's Motion to Dismiss (Dkt. 7) is DENIED AS MOOT WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Defendant Schaible's Motion to Dismiss (Dkt. 18) is DENIED; and it is

FURTHER ORDERED that Plaintiff has twenty-one days (21) to AMEND the Complaint to accord with this Court's opinion if Plaintiff wishes to proceed with the action solely against Defendant Schaible.

The Clerk is directed to dismiss Defendants Rhodes and Bracket from this action and keep this civil action open as to Defendant Schaible. The Clerk is further directed to amend the docket to reflect the correct spelling of Defendant Schaible.

It is SO ORDERED.

Alexandria, Virginia
March 30, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge